FILED: March 29, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4348
(1:16-cr-00363-JKB-6)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

KENNETH FAISON, a/k/a Roscoe

Defendant - Appellant

JUDGMENT

In accordance with the decision of this court, the judgment of the district court is affirmed in part. The appeal is dismissed in part.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4348

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

KENNETH FAISON, a/k/a Roscoe,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:16-cr-00363-JKB-6)

Submitted: March 19, 2019                        Decided: March 29, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Charles N. Curlett, Jr., LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Peter Jeffrey Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Faison appeals his conviction and 180-month sentence imposed following his guilty plea to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2012). On appeal, Faison's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Faison's guilty plea and the reasonableness of Faison's sentence. Although notified of his right to do so, Faison has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver contained in Faison's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally, if a court questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.*

2

Our review of the Rule 11 colloquy and the plea agreement confirms that Faison knowingly and voluntarily waived his right to appeal whatever sentence the district court imposed. In addition, we reject Faison's suggestion that the Government breached the plea agreement, thereby rendering the appeal waiver unenforceable. *See United States v. Lewis*, 633 F.3d 262, 271 n.8 (4th Cir. 2011). We therefore conclude that the valid appeal waiver bars any challenge to Faison's sentence, which is within the statutory maximum. Accordingly, we grant the Government's motion in part and dismiss the appeal as to Faison's sentencing claim.

Because a defendant cannot waive a colorable claim that his plea was not knowing and voluntary, *see, e.g., United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), we consider the validity of Faison's guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Faison did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Lockhart*, __ F.3d __, __, No. 16-4441, 2019 WL 942928, at *2 (4th Cir. Feb. 27, 2019). Based on our review of the Rule 11 hearing, we conclude that the plea

3

was knowing, voluntary, and supported by an independent basis in fact and that the district court therefore committed no error in accepting Faison's valid guilty plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Faison's valid appeal waiver. Accordingly, we dismiss the appeal in part and affirm in part. This court requires that counsel inform Faison, in writing, of the right to petition the Supreme Court of the United States for further review. If Faison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Faison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*<br>*DISMISSED IN PART*

FILED: March 29, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4348,  US v. Kenneth Faison
1:16-cr-00363-JKB-6

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).